# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JOSHUA BROWN,**

     **Plaintiff,**

**v.**                                                      **Case No.  8:13-cv-49-T-30MAP**

**STATE OF FLORIDA, DEPARTMENT**
**OF CORRECTIONS, et al.,**

     **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Clerk's Default against Defendant State of Florida (Dkt. 11), Plaintiff's Motion for Entry of Clerk's Default against Defendant Department of Corrections (Dkt. 13), Plaintiff's Motion for Entry of Clerk's Default against Defendant Manuel Correa (Dkt. 15), Plaintiff's Motion for Entry of Clerk's Default against Defendant Beth Virgil (Dkt. 17), Plaintiff's Motion for Entry of Clerk's Default against Defendant Un-Named Supervisor (Dkt. 19), Clerk's Entry of Default against Defendant Department of Corrections (Dkt. 21), Clerk's Entry of Default against Defendant Beth Virgil (Dkt. 22), Defendants State of Florida, Department of Corrections, Manuel Correa's Motion to Dismiss Complaint (Dkt. 23), Defendant Virgil's Motion to Dismiss or Quash for Improper Service (Dkt. 24), Defendants Virgil and State of Florida, Department of Corrections' Amended Motion to Vacate Clerk's Default (Dkt. 26), Plaintiff's Response to Defendants State of Florida, Department of Corrections, Manuel Correa's

Motion to Dismiss Complaint (Dkt. 28), Plaintiff's Answer to Defendant Virgil's Motion to Quash for Improper Service (Dkt. 29), and Plaintiff's Motion to Renew Plaintiff's Motion for Default Judgment (Dkt. 30). The Court, having reviewed the motions, entries of default, responses, and being otherwise advised in the premises, concludes the motions for entry of clerk's default and default judgment should be denied, the motions to vacate the entries of clerk's default should be granted, the motion to quash should be granted, and the motion to dismiss should be granted.

## BACKGROUND

On January 7, 2013, *pro se* Plaintiff Joshua Brown initiated an action under 42 U.S.C. § 1983 against Defendants State of Florida; Florida Department of Corrections ("DOC"); Manuel Correa as Probation Supervisor in Tarpon Springs, Florida; Beth Virgil as Probation Officer in Tarpon Springs, Florida; and an Un-Named Supervisor in Tarpon Springs.[1] Brown is a convicted sex offender under the supervision of DOC. Brown alleges his Fourth and Fourteenth Amendment rights were violated by his unlawful arrest and confinement without probable cause for an alleged violation of his probation that occurred on October 8, 2012.

According to the complaint, Brown was arrested and jailed for violation of his probation by frequenting a strip club in Pasco County, Florida. Brown asserts that it is "Defendant's policy" to purposefully interpret Florida law inaccurately by defining "pornographic material" to include women entertainers at adult venues. Brown's probation

---

[1]The complaint does not specify whether Brown is bringing this action against the probation officers in their official or individual capacities.

conditions include "a prohibition on viewing, accessing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material." *See* Fla. Stat. § 948.30(1)(g). The Pasco County Complaint Affidavit filled out by the arresting officer states that his probation officer was contacted about his location at the Emperor's Club and "she responded to the scene where she confirmed he was in violation of his probation." Dkt. 1. Based on this confirmation, Brown was arrested. Eventually, the State Attorney dropped the charges and Brown was not found to be in violation of probation because adult entertainers are not considered pornographic material.

Throughout his complaint, Brown generally refers to the collective "Defendants." Defendant Virgil is the only defendant against whom he makes specific factual allegations. He alleges that: "Beth Virgil collaborated with her Unnamed Supervisor for his arrest and confinement;" "[b]efore she (Defendant Virgil) even arrived at the Club she had the Deputy handcuff and detain Plaintiff;" and "Defendant Beth Virgil, was loudly professing to the people present in the parking lot at the gentleman's club that he, (Plaintiff) is a 'rapist and sex offender that is a stupid man that needs to be locked up' and 'we are getting another sex offender off the streets.'" Dkt. 1. Brown alleges that Virgil's actions, including her false report that he was in violation of his probation, was "based solely on pure malice due to Plaintiff's sex offender label." Dkt. 1.

In compensation of his humiliation and being arrested, Brown seeks relief of five and half million dollars; dismissal of employment of Virgil, Correa, and the Unnamed Supervisor; the DOC "to instill training to Probation Officials on Florida Statutes and laws

as to when arrest and confinement are *lawful*;" the State of Florida "to instigate and introduce divisions within the sex offender community to promulgate rules to separate those that are violent sex offenders from those that are not. . . . [and] train Officers that consensual sex is not rape;" and that Brown not suffer retaliation for bringing this suit.

On January 17, 2013, Magistrate Judge Mark A. Pizzo ordered the U.S. Marshal to serve the summonses completed by Brown. On February 5, 2013, Brown filed three process receipt and return forms that were served by the U.S. Marshal. The first return of service was directed towards Beth Virgil at the address of 1501 S. Pinellas Avenue, Suite L, Tarpon Springs, Florida 34689. The United States Marshal indicated that Manuel Correa was served with this summons instead of Virgil on January 30, 2013.

The second return of service was directed towards the Department of Corrections and listed the Office of Inspector General at the address of 501 South Calhoun Street, Suite 135, Tallahassee, Florida, 32399. The U.S. Marshal indicated that Alexandria Williams received service of this summons on February 1, 2013.

The third return of service was addressed to the State of Florida Office of Attorney General at the address of The Capitol PL-01 Tallahassee, Florida, 32399. The U.S. Marshal indicated that Ms. Howell accepted service on February 1, 2013.

Although the Clerk issued summons for Correa, Brown never filed a return of service for Correa. After filing the three process receipt and return forms, Brown moved for default judgment against all five Defendants. The Court denied this motion as premature because there was no clerk's default against the Defendants. *See* Dkt. 10. Brown then moved for an

entry of a clerk's default against all five Defendants.  The Clerk entered a default against DOC and Beth Virgil.  *See* Dkt. 21 & 22.  Following the entry of the Clerk's defaults, Defendants Virgil, State of Florida, and DOC moved to set aside the Clerk's defaults, Defendant Virgil moved to quash service of process, and Defendants Correa, State of Florida, and DOC moved to dismiss the complaint against them for failure to state a cause of action. *See* Dkt. 23, 24, & 26.  In response, Brown renewed his motion for default judgment against all five Defendants.  *See* Dkt. 30.

## MOTIONS TO VACATE DEFAULTS AND QUASH SERVICE OF PROCESS

After a clerk's default has been entered against a party, "[t]he court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  Lack of personal jurisdiction over defendants due to insufficient service of process is good cause for setting aside a clerk's default.  *See Robinson v. Hogansville Police Dep't*, 159 Fed. App'x 137, 139 (11th Cir. 2005).

An individual must be served with a copy of the complaint and summons either (1) pursuant to the law of "the state in which in the district court is located" or (2) by

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).  Florida Statutes provide similar means of service, by either delivering a copy of it to the person to be served or "by leaving the copies at his or her usual

place of abode with any person residing therein who is fifteen years of age or older and informing that person of their contents."  Fla. Stat. § 48.031.

A state government or other state-created governmental organization must be served either by (1) "delivering a copy of the summons and of the complaint to its chief executive officer" or (2) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2).  To serve a public agency or its officers pursuant to Florida Statutes, a plaintiff must serve the head or chief executive officer of that agency.  Fla. Stat. § 48.111.  "When the [S]tate [of Florida] has consented to be sued, process against the state shall be served on the state attorney or an assistant state attorney for the judicial circuit within which the action is brought and by sending two copies of the process by registered or certified mail to the Attorney General."  Fla. Stat. § 48.121.

Defendants Virgil, State of Florida, and DOC seek to vacate the clerk's defaults against them.[2]  Virgil was never personally served with the summons and a copy of the complaint.  The process receipt and return completed by the U.S. Marshals Service shows that Brown incorrectly directed the service to Virgil's work address and that Correa accepted service by the U.S. Marshal.  There is no indication that Correa is an authorized agent to receive service on behalf of Virgil.  In fact, DOC's policy does not allow Correa to accept service of process in a civil suit for another employee of DOC in either the employee's

---

[2]As noted above, the Clerk entered a default only against DOC, not the State of Florida.  *See* Dkt. 21.  Thus, there is no default against the State of Florida that can be vacated.

individual or official capacity.  *See* Dkt. 24-1.  Brown has failed to substantially comply with the requirements of Rule 4(e)(2).  Accordingly, the motion to vacate the default against Virgil is granted on the basis of improper service of process and Virgil's motion to quash service is granted.

Defendant DOC does not argue that service of process was insufficient as to it.  Rather, DOC requests the default be vacated based on its immunity under the Eleventh Amendment.  The Court agrees.  Accordingly, the Court vacates the default against DOC without addressing the sufficiency of the service of process.

## MOTIONS FOR DEFAULT AND DEFAULT JUDGMENT

Plaintiff Brown seeks an entry of clerk's default against all five Defendants.  For the reasons discussed in the previous section, the motions for entry of default are denied as to Defendants Virgil and DOC.  Because the Eleventh Amendment absolutely bars suit against the State of Florida without its consent, the motion for default is denied as to it.  The motion for default is denied as to Defendant Correa because Brown has failed to file a return of service or process receipt and return by the U.S. Marshal as to Correa. The motion for default is denied as to Defendant Un-Named Supervisor because Brown has not received a summons or served any supervisor in the Pasco County Probation Department.  If discovery reveals the identity of this Defendant, Brown may move to amend to add the identified party at that time, but the Court will not grant a default against an unknown party.[3]

---

[3]The Court acknowledges that a plaintiff may bring claims against an unnamed defendant under certain circumstances, such as when the plaintiff lacks sufficient information about the
(continued...)

Before filing the instant five motions for default, Brown moved for an entry of default judgment against all five Defendants.  The Court denied the motion as premature.  Brown now reasserts his motion for default judgment as to all Defendants.  Because the motions for default are all denied, Brown's motion for default judgment is again denied as premature.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Detailed facts are not necessary, but a claim must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of the harm alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true and view the facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, legal conclusions in a pleading are not entitled to the assumption of truth and must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions

---

[3](...continued)
defendant's identity at the time of filing of the complaint but would likely obtain information through discovery. *Nalls v. Coleman Law Fed. Inst.*, 440 Fed. App'x 704, 707 (11th Cir. 2011).

masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal*, 556 U.S. at 680; *see also N. Am Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 2009 WL 1513389 (M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.")

## **DISCUSSION**

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under § 1983, a plaintiff must allege that a defendant deprived him of a right secured under the United States Constitution or federal law and that such deprivation occurred under color of state law. *U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001).

## I.      **Eleventh Amendment Immunity**

"It is well established that the [E]leventh [A]mendment immunizes an unconsenting state from suits brought in federal court by its citizens and citizens of other states." *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986). This immunity extends to a state's agencies as well. *See Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d

1509, 1511 (11th Cir. 1986).   Furthermore, "[i]t is clear that Congress did not intend to abrogate a state's [E]leventh [A]mendment immunity in section 1983 damage suits." *Zatler*, 802 F.2d at 400.   Therefore, Brown's suit against the State of Florida and DOC must be dismissed without prejudice as barred from federal court by the Eleventh Amendment.

The Eleventh Amendment also acts a bar to suits for monetary damages against state officers in their official capacities because "the action is in essence one for the recovery of money from the state." *Edelman v. Jordan*, 415 U.S. 651, 662 (1974).   Insofar as Brown seeks monetary relief from Defendants Correa, Virgil, and the Un-Named Supervisor in their official capacities, the Eleventh Amendment clearly bars such recovery.   Accordingly, any action seeking monetary relief from these Defendants in their official capacities is dismissed without prejudice.

## II.   Supervisory Liability under § 1983

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinate on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)).   "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a casual connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.*

There are no factual allegations directed towards Defendant Correa in the complaint. The only time Correa is identified by name is in the style of the case where Brown lists him

as a "Probation Supervisor."  If Brown intends to allege Correa is liable as a supervisor, he must allege facts showing Correa was either personally involved in the constitutional conduct or a casual connection to the constitutional deprivation.  Because Brown has done neither, the complaint against Correa in his supervisory capacity is dismissed for failure to state a claim upon which relief can be granted.

## III.   Probation Officer Liability under § 1983

Brown alleges that his Fourth and Fourteenth Amendment rights were violated by Defendant Virgil when "she had the Deputy handcuff and detain Plaintiff" based on her mistaken belief that Brown violated his probation by being at the Emperor's Club.  Brown alleges that Virgil intentionally and maliciously told the Pasco County deputy that he was in violation of his probation which caused him to be arrested.  Brown does not allege how Defendant Correa participated in the deprivation of his Fourth and Fourteenth Amendment rights.  Therefore, Brown has failed to state a cause of action against Correa for deprivation of his constitutional rights and the complaint against Correa in his individual capacity is dismissed.

Defendant Virgil does not move to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim or based on qualified immunity.[4]  Moreover, the Court finds that

---

[4]Virgil also does not raise the issue of quasi-judicial immunity based on her status as a probation officer.  The Eleventh Circuit has held that "probation officers receive immunity in preparing presentence investigation reports" and are afforded absolute immunity while acting as witnesses in criminal trials and grand jury proceedings.  *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).  However, the Eleventh Circuit has not determined yet whether this immunity extends beyond these contours while probation officers engage in their routine official duties.

Brown has sufficiently alleged that Virgil caused his constitutional deprivation.  *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006) ("The requisite causal connection is satisfied if the defendants set in motion a series of events that the defendants knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights." (quoting *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990))).  However, the Court finds the complaint fails to provide a "short and plain statement of the claim showing that [Brown] is entitled to relief" in compliance with Rule 8(a).  Fed. R. Civ. P. 8(a)(2).  Brown does not specify whether he is suing Virgil in her official or individual capacity, thereby precluding the Court from knowing what relief is available.  As discussed above, if Virgil is being sued in her official capacity, monetary damages are precluded and only injunctive relief may be sought.  However, the injunctive relief Brown requests cannot be procured from Virgil: she cannot fire herself; she does not have authority to "instill training to Probation Officials on Florida Statutes . . . to understand and execute *humane* treatment when dealing with those that carry the sex offender label;" and she cannot "instigate and introduce divisions within the sex offender community to promulgate rules to separate those that are violent sex offenders from those that are not."  Dkt. 1 (emphasis in original).  Due to this ambiguity of whether Brown is bringing this action against Virgil in her official or individual capacity, the Court finds it impossible for Virgil to respond to the current complaint.  Therefore, the complaint is dismissed without prejudice against Virgil for failure to comply with Rule 8(a).

For this same reason, the Court *sua sponte* dismisses the claim against the Un-Named Supervisor for failure to identify in what capacity Brown is seeking relief against the Un-Named Supervisor.  Moreover, the Court finds Brown fails to state a claim upon which relief can be granted against the Un-Named Supervisor.  The only allegation related to this unidentified defendant is that "Beth Virgil collaborated with her Unnamed Supervisor for the arrest and confinement of Plaintiff."  *See* Dkt. 1.  This bare assertion alone does not state a constitutional violation.  The complaint is dismissed without prejudice against the Un-Named Supervisor for failure to identify in what capacity this supervisor is being sued and for failure to state a cause of action upon which relief can be granted.

## CONCLUSION

In sum, the complaint is dismissed without prejudice as to the State of Florida and DOC as barred from federal court by the Eleventh Amendment.  If Brown chooses to file an amended complaint, he should *not* name either the State of Florida or DOC as defendants.

The complaint is dismissed without prejudice as to Correa and the Un-Named Supervisor for failure to identify in what capacity he is suing them and for failure to allege a cause of action.  There are no facts alleged that would support a claim under § 1983 for a violation of Brown's constitutional rights by either of these defendants.  Brown may file an amended complaint against these defendants *only if* he can allege facts to support a constitutional violation and if he identifies in what capacity he is suing them.

The complaint is dismissed without prejudice as to Virgil for failure to specify whether Brown is suing Virgil in her official or individual capacity.  The Court cannot

address the propriety of the relief sought without clarification on this issue.  As such, if Brown chooses to file an amended complaint against Virgil, Brown should indicate in what capacity he is suing her.

Finally, if Brown includes any other probation officer or state official as defendants in an amended complaint, he must indicate in what capacities they are being sued.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendants Virgil and State of Florida, Department of Corrections' Amended Motion to Vacate Clerk's Default (Dkt. 26) is GRANTED.

2.      Plaintiff's Motion for Entry of Clerk's Default against Defendant State of Florida (Dkt. 11), Plaintiff's Motion for Entry of Clerk's Default against Defendant Department of Corrections (Dkt. 13), Plaintiff's Motion for Entry of Clerk's Default against Defendant Manuel Correa (Dkt. 15), Plaintiff's Motion for Entry of Clerk's Default against Defendant Beth Virgil (Dkt. 17), and Plaintiff's Motion for Entry of Clerk's Default against Defendant Un-Named Supervisor (Dkt. 19) are DENIED.

3.      Plaintiff's Motion to Renew Plaintiff's Motion for Default Judgment (Dkt. 30) is DENIED as moot.

4.      Defendant Virgil's Motion to Dismiss or Quash for Improper Service (Dkt. 24) is GRANTED.

5.      Defendant Virgil's counsel shall inform Plaintiff within seven (7) days of this Order if she is willing to accept service on Defendant Virgil's behalf.  If Defendant's counsel

will not accept service, Defendant's counsel shall provide Plaintiff with Beth Virgil's home address within that same period of time.

  6.  Defendants State of Florida, Department of Corrections, Manuel Correa's Motion to Dismiss Complaint (Dkt. 23) is GRANTED.

  7.  This case is dismissed without prejudice as to Defendants State of Florida and Department of Corrections.

  8.  This case is dismissed without prejudice as to Defendants Correa, Virgil, and the Un-Named Supervisor.  Plaintiff may file an amended complaint as stated herein within twenty (20) days of the date of this Order.

  9.  If Plaintiff fails to file an amended complaint within twenty (20) days of the date of this Order, this case shall remain dismissed without prejudice, and the Court will direct the Clerk to administratively close this case, without further notice to the parties.

  **DONE** and **ORDERED** in Tampa, Florida on March 7, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-49.denydefaultmotions.frm