# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JOSHUA BROWN,** *pro se,*

     **Plaintiff,**

**v.**                                              **Case No.  8:13-cv-49-T-30MAP**

**MANUEL CORREA, Probation
Supervisor, Tarpon Springs, FL, et al.,**

     **Defendants.**

_____/

## ORDER

This cause comes before the Court upon Defendants' Motion to Dismiss Amended Complaint (Dkt. #47) and Plaintiff's Response to Defendants' Motion to Dismiss Amended Complaint (Dkt. #48).  The Court having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion to dismiss should be granted.

### *Background*

In the original complaint, *pro se* Plaintiff Joshua Brown alleged a violation of 42 U.S.C. § 1983 against Defendants State of Florida; Florida Department of Corrections ("DOC"); Manuel Correa as Probation Supervisor in Tarpon Springs, Florida; Beth Virgil as Probation Officer in Tarpon Springs, Florida; and an Un-Named Supervisor in Tarpon Springs.  Brown, a convicted sex offender under the supervision of DOC, alleged his Fourth and Fourteenth Amendment rights were violated by his unlawful arrest and confinement

without probable cause for an alleged violation of his probation.  The original complaint was dismissed with prejudice against the State of Florida and the DOC based on the Eleventh Amendment and dismissed without prejudice against Correa and Virgil for failure to state a cause of action under Rule 12(b)(6) and for failure to comply with Rule 8(a).  Brown filed an Amended Complaint again alleging a § 1983 action based on the same operative facts and added Defendants Janet Mangan and Samuel Flynn, both probation supervisors of Virgil at the DOC.  All Defendants are being sued in their individual capacities.

On October 8, 2012, Brown was arrested for an alleged violation of his probation for being at a strip club in Pasco County, Florida.  The arresting officer included the following probable cause narrative in the Pasco County Complaint Affidavit:

> I made contact with the defendant at the Emperor's Club which is a full nude gentlemen's club.  He was found to be a "High Risk Sex Offender" who is currently on felony probation.  His conditions state he is not to be in possession of pornographic materials.  Due to his current location, his probation officer was contacted.  She responded to the scene where she confirmed he was in violation of his probation.  I made contact with management of the Emperor's Club who confirmed he was just inside the club. The manager and members of the staff confirmed the defendant is a frequent customer who is at the club 3-5 times per week.  The manager called him a "good customer" who "comes in all the time."

Virgil also drafted an affidavit in support of Brown's violation of probation charges, which Brown attached to the Amended Complaint. In the affidavit, Virgil lists two bases for Brown's violation of probation: violation of condition 27 of his probation for attendance at the strip club and violation of condition 42 of his probation for leaving his home without his monitoring device on October 3, 2012.

As a standard condition of probation for sex offenders, Brown was prohibited from "viewing, accessing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services that are relevant to the offender's deviant behavior pattern." Fla. Stat. § 948.30(1)(g).  According to the Amended Complaint, Defendant Virgil, Brown's probation officer, called her supervisors, Mangan and Flynn, and the three of them decided that the entertainers at the club were considered "pornographic material" in violation of the terms of Brown's probation or community control conditions as a sex offender.

Virgil allegedly "went into a screaming mode loudly professing to all in the parking lot that Plaintiff 'is a rapist' a 'stupid man that needs to be in jail' and 'we are getting another sex offender off the streets.'" Brown alleges he informed Virgil it was not a violation of his probation to be at a gentleman's club per Judge Timothy Peters ruling, but that Virgil responded by calling him a liar and sex offender and that "nobody believes anything you say."

Brown alleges that the Pasco County sheriff deputy arrested Brown and transported him to the county  jail.  He further alleges that the following day, a Pasco County circuit judge told the State Attorney's Office that there was no probable cause to arrest Brown because women at the strip clubs are considered entertainers, not pornographic material.  On November 19, 2012, the State Attorney's Office dismissed all charges related to this incident.

Upon Brown's release from jail, Defendant Correa allegedly told Brown that "I will violate you again if you are in a gentleman's club," "you are not allowed to have a girlfriend," and "what would happen if you got aroused[?]"  Due to these threats, Brown alleges Correa "effectively quashed [his] Fifth Amendment civil right to the pursuance of happiness."

In addition to the above allegations, Brown also alleges that each Defendant discriminated against him based on his status as a sex offender.  "Plaintiff believes defendant's [sic] Virgil, Mangan, Flynn and Correa intentionally discriminated against him due solely for the sex offender label."  Brown does not elaborate as to how other, non-sex offender probationers are treated differently by Defendants.

In the Amended Complaint, Brown appears to bring the following three § 1983 claims: (1) violation of the Fourth Amendment for an arrest without probable cause; (2) violation of the Fifth Amendment's "civil right to the pursuance of happiness;" and (3) "intentional discrimination of sex offenders."[1]  Brown seeks the following relief from each Defendant:

> 36) Plaintiff seeks injunctive relief against defendant Correa that he obtain the proper training and attempts to learn the knowledge as to when a legal probation violation occurs.  [To this day Correa believes he can arrest Plaintiff for visiting a club and Plaintiff is not allowed a girlfriend.] Plaintiff seeks

---

[1] Brown attached a "Cover Sheet for Amended Complaint" in which he alleged two additional claims: (1) probation officer and supervisory authority abuse and (2) pure malice.  Neither of these are independent grounds for a § 1983 claim.  Rather, Brown uses them for support of his Fourth Amendment and intentional discrimination claims.

punitive damages in the amount of One Hundred Thousand US Dollars ($100,00) against defendant Manuel Correa.

37) Plaintiff seeks punitive damages in the amount of One Hundred and Fifty Thousand US Dollars ($150,000) and compensatory damages in the amount of Five Thousand and Five Hundred US Dollars ($5,500) against defendant Beth Virgil.

38) Plaintiff seeks punitive damages in the amount of One Hundred Thousand US Dollars ($100,000) and compensatory damages in the amount of $5,500 against defendant Janet Mangan.

39) Plaintiff seeks punitive damages in the amount of One Hundred Thousand US Dollars ($100,000) and compensatory damages in the amount of $5,500 against defendant Samuel Flynn.

Brown does not delineate his claims into counts.  However, based on the factual allegations, it appears that Brown intends to assert liability against Correa based on the Fifth Amendment; liability against Virgil based on the Fourth Amendment; supervisory liability against Mangan and Flynn based on the Fourth Amendment; and liability against all four Defendants based on the Equal Protection Clause of the Fourteenth Amendment.

Defendants move to dismiss the Amended Complaint for failure to state a cause of action under Rule 12(b)(6) and based on qualified immunity.

## *Discussion*

### I.      **Motion to Dismiss Standard**

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations,

conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  On the contrary, legal conclusions "must be supported by factual allegations." *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Typically, a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   However, Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws. Therefore, at the motion to dismiss stage, "[t]o state a claim under § 1983, a plaintiff must allege that he was deprived of a federal right by a person acting under color of state law." *See Amnesty International*, *USA v. Battle*, 559 F.3d 1170, 1179–80 (11th Cir. 2009). In *Battle*, the Eleventh Circuit noted that:

> To satisfy even the heightened pleading standard for § 1983 claims, (a plaintiff) need plead only 'some factual detail' from which the court may determine whether Defendants' alleged actions violated a clearly established constitutional right. The heightened pleading standard does not require a complaint to cite cases demonstrating that the defendant is not entitled to qualified immunity.

*Id.*

Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal*, 556 U.S. at 680; *see also N.Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 2009 WL 1513389

(M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.").

## II.      Supervisory Liability under § 1983

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinate on the basis of *respondeat superior* or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)).  "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a casual connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.*

Brown alleges Virgil "relied upon" Mangan and Flynn for "authority to arrest and confine" Brown, and that they collaborated by phone to  decide whether the nude dancers within the strip club constituted "pornographic material."  These statements are sufficient to allege Flynn and Mangan's personal involvement or at a minimum a causal connection between their actions and Brown's alleged constitutional deprivation. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008)("[a] causal connection can be established when ... facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.").

As to Correa, Brown alleges that he made several threatening statements after his detention, arrest and release. These statements, if true, are insufficient to establish personal involvement or a causal connection to Brown's alleged unconstitutional arrest. Therefore, Brown has properly alleged supervisory liability as to Flynn and Mangan, but not as to Correa for his unlawful arrest claim.

## III.    Eleventh Amendment Immunity

A district court's decision to grant or deny the defense of qualified immunity is a question of law. *See Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001). "It is therefore appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage if the complaint fails to allege the violation of a clearly established constitutional right." *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) (internal quotations omitted). Qualified immunity protects government actors performing discretionary functions from being sued in their individual capacities. *Chesser*, 248 F.3d at 1121. The doctrine shields government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

In the Eleventh Circuit, the law can be "clearly established" for qualified immunity purposes "only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Jenkins v. Talladega City Bd. of Educ.*,

115 F.3d 821, 826–27 n. 4 (11th Cir.1997) (en banc); *Wilson v. Strong*, 156 F.3d 1131, 1135 (11th Cir. 1998).

The Eleventh Amendment also acts a bar to suits for monetary damages. When state actors are sued in their individual capacity they may raise the defense of qualified immunity to insulate themselves from personal liability for money damages for actions taken in good faith pursuant to their discretionary authority. *Strickland v. City of Dothan, AL*, 399 F. Supp. 2d 1275, 1285 (M.D. Ala. 2005) aff'd sub nom. *Strickland v. Summers*, 210 Fed. Appx. 983 (11th Cir. 2006)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)) .

Once the court concludes that the defendant engaged in a discretionary function, the burden shifts to the plaintiff to prove that the defendant is not entitled to qualified immunity. *Holloman ex. rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). To overcome qualified immunity, the plaintiff must satisfy a two prong test. He must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation. *Id.*

A probation officer can assert a defense of qualified immunity from damages for discretionary acts. *Hyland v. Sec'y for Dep't of Corr.*, No. 06–14455, 2007 WL 2445972, at *3 (11th Cir. Aug. 29, 2007). A probation officer engages in a discretionary function when she causes a probationer to be arrested based on alleged probation violations. *See id.* Where a civil rights plaintiff is detained pursuant to an arrest based on a probation officer's affidavit,

and the affidavit is supported by probable cause of a probation violation, the plaintiff "is absolutely barred by qualified immunity from asserting his § 1983 false arrest claim." *See id.*

Virgil was clearly acting within the scope of her discretionary authority when she instructed the arresting officer to detain and arrest Brown for suspicion of violating his probation. It is part of her job-related functions to investigate probation violations. Further, assuming Virgil contacted Flynn and Mangan as alleged in the Amended Complaint, they too were acting within their job-related duties in advising Virgil. Therefore, Virgil, Flynn and Mangan are potentially eligible for qualified immunity in this action. *See O'Rourke v. Hayes*, 378 F.3d 1201, 1205 (11th Cir. 2004) ("[probation officer] was clearly exercising a legitimate job-related function; it is well within a probation officer's duties to assist in the location and apprehension of individuals suspected of violating their probation."). It becomes Brown's burden to show that Virgil, Flynn and Mangan are not entitled to the immunity by showing that the Defendants violated a constitutional right and that the right was clearly established at the time of the alleged violation. As for the claims against Correa, the Amended Complaint does not state under what circumstances he made the alleged statements, and therefore the Court cannot determine if Correa was acting within his discretionary authority.

## IV.     Fourth Amendment Violation Claims

Brown alleges that the probation officers had no probable cause for his detention and arrest and that they therefore violated his Fourth Amendment rights. "A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim." *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004). However, an action for impermissible arrest is barred if probable cause existed at the time of arrest. *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003). An arrest is supported by probable cause when it is objectively reasonable based on the totality of the circumstances. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). It is well settled that "even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Wood*, 323 F.3d at 878 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)). The Eleventh Circuit frames this inquiry as whether an officer had "arguable probable cause." *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997).  Because only arguable probable cause is needed, "the inquiry is not whether probable cause actually existed, but instead whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed." *Id.* at 184.

Brown sufficiently alleges that Virgil violated his Fourth Amendment rights against unlawful detention and arrest. However, the allegations in the Amended Complaint also indicate that Virgil, Flynn and Mangan had arguable probable cause to arrest him. Given that Brown is on felony probation for a sex offense which prohibited him from viewing

pornographic images and sexually stimulating visual material, and that the officers knew he was in s strip club that exhibited fully nude dancing, it appears reasonable for Virgil, Flynn and Mangan to believe they had probable cause.

However, Brown alleges that his case record reflects that at least one judge in Pinellas County ruled that his attendance at strip clubs was not a violation of his probation prior to this incident. Further, Brown relies on *Kasischke v. State*[2], 991 So. 2d 803 (Fla. 2008) in support of his proposition that Virgil, Flynn, and Mangan had no probable cause because the nude dancing at the strip club was not relevant to the "deviant behavior pattern" in his underlying offense as required under § 948.30(1)(g). In *Kasischke,* the Florida Supreme Court overturned the lower court's holding that the limiting phrase "relevant to the offender's deviant behavior pattern" in § 948.30(1)(g) imposed a total ban on viewing, owning, or possessing "any obscene, pornographic, or sexually explicit material." The court applied the rule of lenity and held that the statute would be interpreted as requiring any prohibited material to be relevant to defendant's deviant behavior pattern. *Id. at* 814.

Since the Amended Complaint does not contain information regarding Brown's underlying offense, the Court cannot make a determination as to whether arguable probable cause existed as to this basis for Brown's violation of probation.  *See Hostetter v. State*, 82 So. 3d 1217, 1219 (Fla. 1st DCA 2012)(record on appeal did not contain sufficient evidence

---

[2]Brown cites to *Kasischke v. State*, 946 So. 2d 1155 (Fla. 3d DCA 2006) which this Supreme Court decision quashed. Based on the rulings in the two cases, the Court presumes that Brown meant to cite to the Florida Supreme Court case in support of his argument.

for appellate court to determine whether a connection existed between photographs in possession of probationer and underlying offense.).  Further, the Amended Complaint does not have information pertaining to Virgil, Flynn or Mangan's knowledge of Brown's underlying offense or any previous rulings regarding whether Brown's attendance at a strip club would violate his probation. Therefore, the Court cannot conclude that Virgil, Mangan and Flynn had arguable probable cause for Brown's violation of probation based on his attendance at a strip club.

However, Virgil's second basis for Brown's violation of probation in her affidavit, that Brown left his residence without his tracking device on October 3, 2012, does provide arguable probable cause. The violation is evidenced by the tracking device's alarm and Brown's own admission to the violation  the following day to someone identified as Officer Corrow.  Although Brown does not deny that the statements in the affidavit are true, he contests the legitimacy of the affidavit, and claims that another unnamed probation officer already dismissed that violation for lack of "willfulness" on Brown's part. However, the Amended Complaint alleges that the dismissal occurred "two weeks earlier," but the affidavit shows that the violation occurred five days before his arrest. Even assuming all of Brown's allegations are true, the affidavit shows that Virgil had arguable probable cause to have Brown detained and arrested based on his own admission that he left his residence without his tracking device. Brown does not allege that the affidavit contained materially false statements. Therefore, Brown's allegations in his Amended Complaint fail to allege

facts plausibly calculated to challenge the lawfulness of his detention and arrest based on this violation of his probation. As a result, Virgil, Flynn and Mangan are entitled to qualified immunity on this cause of action and the damages claims against them must be dismissed. *See Hyland*, at *3.

## V.      Fifth Amendment Violation Claims

Brown's allegations against Correa are based solely on the aforementioned alleged statements which Brown claims violate his right to "pursuit of happiness" by causing him mental anguish, fear of reprisal and extreme anxiety. The Fifth Amendment restrains the federal government, from depriving any person of life, liberty, or property without due process of law. *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989). The Fourteenth Amendment applies the same restriction to the states. *Id.* The requirements of procedural due process apply only to the deprivation of interest encompassed by the Fourteenth Amendment's protection of liberty and property. *Id.* Therefore Brown must allege that he has been deprived of an interest that could invoke procedural due process protection to properly allege a cause of action under the Fifth Amendment.

The allegations do not sufficiently state a cause of action against Correa for violation of Brown's due process rights. He has not alleged how he was denied due process. His allegations deal with threats of future actions by Correa, and he does not allege that Correa actually violated him for any of the threatened reasons. Further, Brown has not alleged a cognizable injury, he only refers to his fear of what would happen if Correa acts on his alleged statements. Therefore, Brown has not suffered any concrete or actual injury as a

result of these statements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (1992) (holding that Plaintiff has standing when it demonstrates invasion of a legally protected interest which is "concrete, particularized" and "actual or imminent"). Therefore, Brown's allegations against Correa fail to state a cause of action for violation of his Fifth Amendment rights.

### VI.   Fourteenth Amendment Violation Claims

Brown argues that his equal protection rights were violated because Virgil, Flynn, Mangan and Correa treated him differently because he is a convicted sex offender. The Fourteenth Amendment forbids states from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "[T]o properly plead an equal protection claim, a plaintiff need only allege that through state action, similarly situated persons have been treated disparately." *Thigpen v. Bibb County*, 223 F.3d 1231, 1237 (11th Cir. 2000) abrogated on other grounds by *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Plaintiff's Amended Complaint does not allege any facts which support his claims of intentional discrimination. It does not contain allegations of disparate treatment between sex offenders and other probationers, nor does he allege that other sex offender probationers received favorable treatment in comparison to his own treatment. Therefore, Brown's allegations fail to state a cause of action for violation of his equal protection rights.

*Conclusion*

Brown sufficiently alleges liability against Virgil and supervisory liability against Mangan and Flynn based on the Fourth Amendment. However, Virgil, Mangan and Flynn are entitled to qualified immunity which acts as a complete bar to Brown's claims. Further, Brown's Amended Complaint does not sufficiently allege a cause of action against Defendant Correa based on the Fifth Amendment; or a cause of action against all four Defendants based on the Equal Protection Clause of the Fourteenth Amendment.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendants' Motion to Dismiss Amended Complaint (Dkt. #47) is granted.

2.      Plaintiff's claims are dismissed with prejudice for Plaintiff's failure to state a claim upon which relief may be granted, and for Plaintiff's pursuit of relief against Defendants who are immune from such relief.

3.      All pending motions are denied as moot.

4.      The Clerk is directed to close the file.

**DONE** and **ORDERED** in Tampa, Florida on September 25, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record