UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA BROWN,

    Plaintiff,

v.                                              CASE NO.: 8:13-cv-00049-T-30MAP

MANUEL CORREA, Probation
Supervisor, Tarpon Springs, FL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for leave to proceed on appeal *in forma pauperis* (doc. 53) and affidavit of indigency (doc. 54) in support of the motion. On October 8, 2013, Plaintiff filed a Notice of Appeal (doc. 52), which challenges the Court's order granting Defendants' motion to dismiss Plaintiff's amended complaint (doc. 51). Notwithstanding his apparent indigent status, Plaintiff has no absolute right to appeal *in forma pauperis.* To the contrary, his ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.; see also Busch v. County of Volusia,* 189 F.R.D. 687, 691 (M.D.Fla. 1999). An appeal that is plainly frivolous is not taken in good faith. *See United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997). *See generally Napier v. Preslicka,* 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross,* 984

F.2d 392, 393 (11th Cir. 1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears the plaintiff "has little or no chance of success").

Plaintiff has failed to identify any colorable basis for appeal or for concluding that the Court's order granting Defendants' motion to dismiss was in error. I also note that Plaintiff has failed to comply with the requirements to proceed on appeal in *forma pauperis*. Although Plaintiff has filed an affidavit of indigency to proceed *in forma pauperis*, Plaintiff's affidavit does not comply with the requirements of Fed. R. App. P. 24(a)(1), which requires Plaintiff's affidavit to state Plaintiff's "claims and entitlement to redress; and state[] the issues that the [Plaintiff] intends to present on appeal." *Id.* Plaintiff's affidavit fails to include such statements; his motion for leave to appeal *in forma pauperis* also lacks this necessary information. Accordingly, this Court concludes that the instant appeal is not taken in good faith, that it is plainly frivolous, and that Plaintiff has little or no chance of success. He is therefore ineligible for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(3). It is therefore

RECOMMENDED:

1. that Plaintiff's Motion for Leave to Proceed on Appeal *in Forma Pauperis* (doc. 53) be **DENIED**.

IT IS SO REPORTED at Tampa, Florida on October 23, 2013.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable James S. Moody
 Counsel of Record